IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HORACIO DEAVILA CABRERA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 314-021 |
| CCA MCRAE CORRECTIONAL FACILITY, | ) ) ) ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Clinton County Correctional Facility in McElhattan, Pennsylvania, commenced the above-captioned civil rights case[1] concerning events alleged to have occurred at McRae Correctional Facility in McRae, Georgia, and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, the amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

In his amended complaint Plaintiff names CCA McRae Correctional Facility ("CCA McRae") as the lone defendant. (See doc. no. 6, pp. 1, 4.) Taking all of Plaintiff's factual

---

[1] Because Plaintiff is a federal prisoner, relief is not available to him under § 1983, see, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003), and his claims are brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 3, 2013, following an altercation with another inmate at CCA McRae, Plaintiff was seen by medical staff for injuries to his face, knee, and one rib. (Id. at 5.) Plaintiff was told he would need a procedure to fix an injury to his rib, but medical staff instead gave him a back brace. (Id.) The next day, Plaintiff was taken for x-rays, during which he "felt [his] rib moved back to the original position but at the same time [he] felt a sharp pain in [his] spinal column like if [his] rib was pulling any vertebra of [his] spinal column [sic]." (Id. at 6.)

Once he was back in his cell, Plaintiff felt his rib shift positions multiple times. (Id.) Later, a physician's assistant told Plaintiff that "everything was good" on his x-rays, but Plaintiff informed him that he still had a problem with his rib. (Id. at 7.) Plaintiff's rib was examined on February 15, 2013, but he was again told that "everything was good." (Id.) Plaintiff made at least two more requests for medical appointments between February 15 and the middle of March, but he was repeatedly told that he was fine. (Id.) Plaintiff could feel that his "spinal column was not perfectly aligned," but when he asked why this was the case he was told his spine was aligned correctly and his pain was caused by the muscles surrounding his spine, which needed exercise. (Id. at 7-8.) Plaintiff nevertheless requested surgery on his spine, but was denied. (Id. at 8.) Plaintiff repeatedly complained about pain in his rib and spine, but was told that he was fine each time. (Id. at 8.) Plaintiff claims the aforementioned actions constitute medical malpractice and neglect, and seeks $34,500,000 in damages. (Id. at 5, 6, 12.)

**B. DISCUSSION**

**1. The Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Bivens Does Not Allow Recovery Against Private Prison Corporations or the Facilities They Operate.

In his amended complaint, Petitioner names only CCA McRae, a private corporate facility, as Defendant, despite the Court's instructions to name individuals involved in the alleged events. (Doc. no. 3, p. 6.) However, Bivens does not extend to allow recovery against private corporations that operate facilities under contract with the Bureau of Prisons or against the facilities themselves, such as CCA McRae. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 63, 71-74 (2001). Therefore, the amended complaint should be dismissed for failure to state a claim.

### 3. Plaintiff Has an Adequate Remedy in State Court.

Even if Plaintiff had named individual defendants, the amended complaint would still be subject to dismissal because Plaintiff has an adequate remedy in state court. See Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (noting that Bivens liability is inappropriate where adequate state remedies exist). The sole basis for Plaintiff's Bivens claims is allegedly inadequate medical care, for which Georgia law provides a remedy in tort for negligence and medical malpractice. See O.C.G.A. § 9-3-70 (explaining that "medical malpractice" includes

4

all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"); ARA Health Services v. Stitt, 551 S.E.2d 793, 794 (Ga. Ct. App. 2001) (former inmate brought claims of negligence and medical malpractice against doctor, prison officials, and medical services corporation). Indeed, in state court Plaintiff may even be able to recover against CCA McRae on a theory of *respondeat superior*, see, e.g., Dozier v. Clayton Cnty. Hosp. Auth., 424 S.E.2d 632, 634-35 (Ga. Ct. App. 1992), which is not a cognizable basis for liability in a Bivens action. See Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); see also Malesko, 534 U.S. at 63 (refusing to allow Bivens claim against private entity operating a halfway house under contract with Bureau of Prisons). Therefore, even if he had named proper individual defendants, Plaintiff's amended complaint would still be subject to dismissal. See Alba, 517 F.3d at 1254.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 3rd day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA